IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICTOR VICENTY MARTELL, et al.,

Plaintiffs

v.                                        CIVIL 98-1352 (SEC) (JA)

ESTADO LIBRE ASOCIADO DE
PUERTO RICO, et al.,

Defendants

_____

OPINION AND ORDER

I. Background

Pending before the court are two related motions for judgment on the pleadings

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, one by co-defendants the

Commonwealth of Puerto Rico, the Department of Education, Víctor Fajardo and Gracia

Ruiz Talavera (hereinafter E.L.A.), and the other by co-defendant the Teachers Retirement

Board (hereinafter TRB), filed on December 20, 1999 and January 19, 2000, respectively.

(Docket Nos. 29 and 31.) Co-defendant E.L.A. filed a supplemental motion on January 24,

2000 and a motion requesting leave to reply on March 2, 2000.  (Docket Nos. 32 and 37.)

On April 6, 2000, E.L.A. filed a motion to adjudicate unopposed motion for judgment on

the pleadings.  (Docket No. 38.)  The plaintiff has opposed defendants' request for

judgment on the pleadings as well as their supplemental allegations, filing two identical

CIVIL 98-1352 (SEC) (JA)                2

oppositions on February 28, 2000.  (Docket Nos. 34, 35, and 36.)  Co-defendant E.L.A. alleges that:  1) their motion raises the same defenses raised in their June 26, 1998 Rule 12(b)(6) motion to dismiss; 2) the court did not considered the June 26, 1998 allegations regarding the statute of limitations; 3) plaintiff's causes of action are time barred by the applicable statute of limitations.  Co-defendant TRB agrees with E.L.A.'s allegation that the claims that were not dismissed by the June 26,1998 motion are time barred by the applicable statute of limitations.

The plaintiff in its oppositions alleges that:  1) defendants had to appeal the Order and Opinion rendered by this court on March 29, 1999, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure; 2) in the alternative they should have filed a reconsideration of the court's order; 3) since the defendants did not appeal said Order and Opinion, it is now final and unappealable and thus, their allegations as to the action being time barred are moot.[1]

_____

[1]    I address this matter in a footnote because the issue invites summary consideration. Partial judgments are disfavored. See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996).  If a partial judgment is entered, it must contain certain talismatic wording that the court's March 29, 1999 partial judgment does not contain. See State St. Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996); Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 579 (1st Cir. 19940. Thus, the opposition lacks merit. The March 29, 1999 opinion and order is not final.

CIVIL 98-1352 (SEC) (JA)                3

## II.  Procedural Background: Rule 12(c)

In deciding a Rule 12(c) motion, "because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's wellpleaded factual averments as true and draw all inferences in  his favor." Rivera Gómez v. Castro, 843 F.2d 631, 635 (1st Cir. 1988).

In determining the motion, the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them.  2 James Moore, Moore's Federal Practice § 12.38 (3d ed.1999).  "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is timebarred." Paul E. Lucas v. William F. D'Angelo, 37 F. Supp. 2d 45,46 (D.Me. 1999) (citing LaChapelle, v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

## III.  Analysis

On March 29, 1999, this court delivered an Opinion and Order denying in part and granting in part defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As a result, the following causes of action remained:

1.   Plaintiff's claim of discriminatory discharge under the ADA against the Commonwealth and the Department of Education;

2.   Plaintiff's retaliation claims under the ADEA and the ADA against the Commonwealth and the Department of Education;

CIVIL 98-1352 (SEC) (JA)                    4

3.    Plaintiff's claim for equitable relief under section 1983 against all defendants;

4.    Plaintiff's claim for monetary relief under section 1983 against Secretary Fajardo and Superintendent Ruiz de Talavera, in their individual capacity;

5.    Plaintiff supplemental state law claims; and

6.    Plaintiff's spouse and their conjugal partnership's claim for lost earnings.

Defendants now move for dismissal alleging that the claims pursuant to the ADEA and ADA are time-barred because the plaintiff did not file the charges in the Equal Employment Opportunity Commission (hereinafter EEOC) within the specified period of 180 days as provided by 42 U.S.C. § 2000e-5(e)(1).  They also allege that claims under section 1983 are also time barred because the alleged violation plaintiff suffered occurred in May 28, 1992 and the original complaint was filed in February 7, 1997, thus violating the provisions of article 1868 of the Civil Code of Puerto Rico.  P.R. Laws Ann. tit. 31, § 5298.

### DEFENSE OF LIMITATIONS

### The ADA and ADEA Claims

In "deferral states" (one which has a law prohibiting age discrimination and a state authority established or authorized to grant or seek relief from such discrimination) such as Puerto Rico, employees must first file charges of unlawful discrimination in employment with the EEOC  "within three hundred [300] days after the alleged unlawful practice occurred, or within thirty [30] days after receiving notice that the State or local agency has

CIVIL 98-1352 (SEC) (JA)                5

terminated the proceedings under the State or local law, whichever is earlier." 42 U.S.C.

§ 2000e-5(e)(1); <u>Rodríguez v. SmithKline Beecham Pharm., P.R. Inc.</u>, 62 F. Supp. 2d 374,

379-80 (D.P.R. 1999); <u>Cuello Suárez v. PREPA</u>, 798 F. Supp. 876, 886-87 (D.P.R. 1992);

<u>see</u> <u>Manuel Calderón Trujillo v. Ready Mix Concrete</u>, 635 F. Supp. 95, 99 (D.P.R. 1986);

<u>also see</u> <u>American Airlines, Inc. v. Cardoza-Rodríguez</u>, 133 F.3d 111, 122 (1st Cir. 1998).

To determine the timeliness of plaintiff's complaint, we must identify when the alleged

unlawful employment practice occurred. In <u>Delaware State College v. Ricks</u>, 449 U.S. 250

(1980), the Supreme Court held that a plaintiff's Title VII claim accrued when the

employee was denied tenure due to alleged race discrimination, not when his actual

employment contract expired one year later. The Supreme Court noted: "In sum, the only

alleged discrimination occurred - **and the filing limitations periods therefore

commenced -at the time the tenure decision was made and communicated to Ricks.**

That is so even though one of the effects of the denial of tenure –the eventual loss of a

teaching position– did not occur until later." <u>Id.</u> at 258 (emphasis ours). In <u>Chardón v.

Fernández</u>, 454 U.S. 6 (1981), the Supreme Court reaffirmed the <u>Ricks</u> decision and stated

that:

> mere continuity of employment, without more, is insufficient to
> prolong the life of a cause of action for employment discrimination
> . . . respondents were notified, when they received their letters, that
> a final decision had been made to terminate their appointments.

CIVIL 98-1352 (SEC) (JA)                6

> The fact that they were afforded reasonable notice cannot extend
> the period within which suit must be filed.

Chardón v. Fernández, 454 U.S. at 8.

Because the allegedly unlawful act was the denial of tenure, the termination date

itself was merely the consequence of prior discrimination and thus did not trigger the

statute of limitations.

In the case at bar, the employee's job termination was the direct result of accepting

the early retirement offer. In his complaint, the plaintiff asserts that "[o]n May 28, 1992

the Department of Education of the Commonwealth of Puerto Rico [E.L.A.] requested [his]

early retirement, nevertheless, the "Junta de Retiro para Maestros" [T.R.B.] did not

recognized the effect of such requested retirement until March 26, 1993." Plaintiff's

discriminatory claim pursuant to the ADA rests on the theory that he was "deprived of his

reasonable accommodation" when he was "forced to accept early retirement under threat

of termination." As the plaintiff avers in his complaint, it was on May 28, 1992, the day

he was forced to retire, and thus deprived of his reasonable accommodation. From this day

on, the statute of limitations of three hundred (300) days began its countdown. Plaintiff

knew he was suffering damages and who was the responsible party. Thus, he was able to

pursue a remedy. In Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 750

(1st Cir. 1994), the court stated "[w]hen an employee knows that he has been hurt and also

knows that his employer has inflicted the injury, it is fair to begin the countdown toward

CIVIL 98-1352 (SEC) (JA)                 7

repose.  And the plaintiff need not know all the facts that support his claim in order for

countdown to commence."  When defendants presented the plaintiff the early retirement

offer, which he later accepted, and as a consequence he felt the threat of termination by the

"take it or leave it" choice, he had sufficient information to bring his discrimination claim.

See American Airlines v. Cardoza-Rodríguez, 133 F.3d at 12.

        In Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), the Supreme Court

held that in actions filed pursuant to Title VII of the Civil Rights Act of 1964, "the filing

of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to

suit in federal court, but a requirement that, like a statute of limitations, is subject to

waiver, estoppel and equitable tolling." Id. at 393.  However, the First Circuit has held that

courts must "hew to a 'narrow view' of equitable exceptions to Title VII limitations periods."

See Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989).  The Supreme

Court's interpretation in Zipes has been extended to civil actions commenced under the

ADEA.  See Watlington v. University of Puerto Rico, 751 F. Supp. 318 (D.P.R. 1990).

Courts have recognized two alternate doctrines which plaintiffs may invoke to justify an

untimely filing under the ADEA:  equitable estoppel and equitable tolling.  Equitable

estoppel occurs when an employee is aware of his rights under the ADEA but fails to make

a timely filing due to his reasonable reliance upon his employer's misleading or confusing

representations.  Kale v. Combined Ins. Co., 861 F.2d 746, 752 (1st Cir. 1988).  Equitable

CIVIL 98-1352 (SEC) (JA)                8

tolling is "appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Kelley v. N.L.R.B., 79 F.3d 1238, 1248 (1st Cir. 1996). The plaintiff has not alleged any of the aforementioned defenses in order to excuse his untimely filing of the charges. Therefore none of them apply.

Plaintiff alleges he was retaliated against by the defendants in violation of the ADA and the ADEA. If the plaintiff knew that the defendants were retaliating against him between 1990 until the present day, why he did not file charges in the EEOC or the designated state agency promptly? The fact that the date in which the plaintiff filed the charges with the CFSE was two years before the alleged discriminatory act took place, leads to the conclusion that there was no relationship between such filing and the 1992 retirement offer. CFSE is a public corporation in charge of providing medical care and treatment to public employees that have been injured while working. Thus, no employment discrimination charge could have been filed with CFSE that would have anything to do with the 1992 employment termination. The plaintiff has provided no reason for his delay in filing the charges. In fact, plaintiff has made no allegation in its opposition with regards to the statute of limitations. The plaintiff merely opposes by alleging that the defendants should have filed either for reconsideration in the district court or for appeal. As the record provides, the first time the plaintiff pursued the vindication of his allegedly violated rights was on June 27, 1996 when he filed in the "Unidad Anti-

CIVIL 98-1352 (SEC) (JA)               9

Discrimen" (hereinafter ADU) a claim for alleged employment discrimination. This charge

with the ADU was filed at least four (4) years after the date in which the action accrued,

clearly in excess of the three hundred (300) days provided by law. Also on February 20,

1997, the plaintiff received an EEOC notice dismissing his claim of employment

discrimination because it was "untimely filed" and provided him a ninety (90) day right to

sue. Thus, it is clear that the plaintiff did not file the charges on time.

Since the plaintiff did not file any of his ADA or ADEA discrimination claims with

the EEOC or state designated agency within the specified time, all of his claims are time

barred.

Section 1983 Claims

The language of section 1983 does not provide a statute of limitations during which

claims must be brought. As a result, the courts have been forced to borrow the state

limitations period for an action which gives rise to a section 1983 claim. See Goodman v.

Lukens Steel Co., 482 U.S. 656, 660 (1985); Wilson v. García, 471 U.S. 261, 266-68

(1985); Street v. Vose, 926 F.2d 38, 39 (1st Cir. 1991). The laws of Puerto Rico mandate

a one year period of statutory limitation for actions arising due to the personal fault or

negligence of a defendant. P.R. Laws Ann. tit. 31, § 5298; see also LaPont-Rivera v. Soler-

Zapata, 984 F.2d 1, 2 (1st Cir. 1992). Although state law dictates temporal limitations,

federal law fixes the accrual point. Id. at 3; Pérez-Ruiz v. Crespo-Guillen, 847 F. Supp. 1,

2 (D.P.R. 1993). The clock begins to tick toward the one year limit in section 1983 claims

CIVIL 98-1352 (SEC) (JA)                    10

1

2    when the aggrieved party "knows or has reason to know of the injury which is the basis of

3    the action." See Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404, 407 (1st

4    Cir. 1990).  Under the federal rule, accrual begins "when a plaintiff knows, or has reason

5    to know, of the discriminatory act that underpins his cause of action."  Morris v.

6

7    Government Dev. Bank of Puerto Rico, 27 F.3d at 748-49.

8             According to the facts alleged in the complaint on May 28, 1992, the plaintiff was

9

10   forced to accept an early retirement offer.  The plaintiff alleges from this moment on he was

11   deprived of his reasonable accommodation.  During this time the plaintiff knew that the

12   damages suffered from this forced early retirement were caused by his employer. "[T]he

13

14   proper focus is on the time of the discriminatory act, not the point at which the

15   consequences of the act become painful." Chardón v. Fernández, 454 U.S. at 8; Delaware

16   State College v. Ricks, 449 U.S. at 258.  Therefore according to Puerto Rico law the

17

18   plaintiff was required to bring his section 1983 claim within "365 days, or 366 days in a

19   leap year" one day after the time their cause of action accrued under federal law, unless the

20   statute of limitations can be tolled pursuant to state law. Carrera-Rosa v. Alves-Cruz, 127

21   F.3d 172, 174 (1st Cir. 1997).  Puerto Rico law provides for tolling under Civil Code article

22   1873 only for the commencement of a suit, an extrajudicial claim, or debtor's

23

24   acknowledgment of debt.  P.R. Laws Ann. tit. 31, § 5303.  None of this tolling provisions

25

26

AO 72
(Rev 8/82)

CIVIL 98-1352 (SEC) (JA)              11

took place.  Accordingly, the plaintiff should have filed his claims not later than May 28, 1993.

Since the filing of this action occurred in February 1997, that is at least four (4) years later than required, his causes of action under section 1983 are time barred.

Supplemental Jurisdiction

A district court has discretion to exercise supplemental jurisdiction over the state law claims where the state and federal claims derive from a common nucleus of operative facts. See 28 U.S.C. § 1367; United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Nevertheless, where, as here, all federal claims warrant dismissal prior to trial, the district court should decline to exercise supplemental jurisdiction.  It has been stated that the holding in Gibbs "seems clearly to require dismissal without action on the merits and without any exercise of discretion if all the federal claims . . . are found to be short of trial, deficient." Snowden v. Millinocket Reg'l Hosp., 727 F. Supp. 701, 709 (D.Me. 1990). Such a result is warranted in view that "the power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit." Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991). Although district courts are not obligated to dismiss pendent state law claims, in the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

AO 72
(Rev 8/82)

CIVIL 98-1352 (SEC) (JA)                12

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims.  In such a case, state-law claims should be dismissed. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); see Mercado-García v. Ponce Fed. Bank, 979 F.2d 890, 896 (1st Cir. 1992); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992); Feinstein v. Resolution Trust Corp., 942 F.2d 34, 47 (1st. Cir. 1991). Therefore, this court declines to exercise jurisdiction over plaintiff's remaining state claims.

For the above stated reasons, this case is dismissed in its entirety.  The Clerk is directed to enter judgment accordingly.

In San Juan, Puerto Rico, this 24th day of April, 2000.

JUSTO ARENAS
United States Magistrate Judge

AO 72
(Rev 8/82)